**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| RODRACIUS STEPHENS, | : | |
| Plaintiff | : | |
| VS. | : | |
| MICHAEL BOLIN, OFFICER, | : | NO. 5:09-cv-388 (HL) |
| Defendant | : | **O R D E R** |

Plaintiff **RODRACIUS STEPHENS**, presently confined at the Baldwin County Jail in Milledgeville, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Tab #1.

### I. BACKGROUND

This case arises out of the February 23, 2009, arrest of plaintiff at the apartment of Mrs. Starlin Glen. According to plaintiff, someone reported to police that a suspicious black male had been walking around the apartment complex in which Mrs. Glen lives. Apparently Officer Bolin went to Mrs. Glen's apartment and returned from the bedroom with a shotgun. Plaintiff walked up to Mrs. Glen's porch to inquire about grass cutting when Officer Bolin came out and arrested plaintiff for possession of a shotgun by a convicted felon. Plaintiff sues Bolin for false arrest and claims that plaintiff had never before seen the gun.

### II. ORDER TO SUPPLEMENT

Upon initial review of plaintiff's complaint, the Court finds that additional information about plaintiff's contentions is needed before the Court can properly evaluate his claims. Accordingly, plaintiff is instructed to supplement his complaint by providing specific facts supporting his allegations that Officer Bolin deprived plaintiff of his constitutional rights. Plaintiff should describe the alleged incident of February 23rd, in greater detail, for example, by explaining what plaintiff was doing prior to the incident, why he believes Officer Bolin arrested him, and why he believes his arrest and detention were illegal. Plaintiff shall also answer the following:

(1) Did you have a probable cause hearing following your February 23rd arrest?

(2) Are the charges from the February 23rd arrest still pending or has there been a final disposition of the charges?

(3) If the charges have been disposed of, what was the result (*e.g.*, dropped or convicted)?

(4) On what charges are you currently confined?

If he is able to do so, plaintiff is requested to provide this Court with copies of all court filings and proceedings relating to the charges for which he was arrested.

### III.  ACCOUNT BALANCE

Although plaintiff seeks leave to proceed *in forma pauperis* in this action (Tab #2), he has not submitted a copy of his prison trust fund account balance.  Hence, the Court does not have sufficient information to determine the average monthly deposits or the average monthly balance in plaintiff's prison trust account for the past six months as required by 28 U.S.C. § 1915.  Accordingly, plaintiff is hereby directed to submit to the Court a certified copy of his trust fund account statement for such time as he has been incarcerated at the Baldwin County Jail.

### IV.  CONCLUSION

Plaintiff shall have until **DECEMBER 3, 2009**, to submit a supplemental complaint, limited to the above claim, and a copy of his trust fund account statement.  If plaintiff fails to respond to this order in a timely manner, the Court will presume that plaintiff wishes to have this case voluntarily dismissed and will dismiss this action, without prejudice.

There shall be **no service of process** until further order of the Court.

**SO ORDERED**, this 4th day of NOVEMBER, 2009.



s/ *Claude W. Hicks, Jr.*
CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE